# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

TVMS, INC., )
     Plaintiff, )
vs. ) Civil No.: 2:19-CV-00059
KINGSPORT BOOK, LLC, DICKINSON )
PRESS, LLC, BLACKFORD CAPITAL )
ASSOCIATES, II, INC., and PRINTING )
CONSOLIDATION COMPANY, LLC, )
     Defendants. )

## ANSWER OF KINGSPORT BOOK, LLC, DICKINSON PRESS, LLC, BLACKFORD CAPITAL ASSOCIATES, II, INC. AND PRINTING CONSOLIDATED COMPANY, LLC

Come Defendants, Kingsport Book, LLC, Dickinson Press, LLC, Blackford Capital Associates, II, Inc. and Printing Consolidated Company, LLC ("Defendants") and for their answer to Plaintiff Tennessee Valley Manufacturing Solutions, Inc.'s ("TVMS") Complaint respectfully state as follows in response to the numbered allegations of the Complaint:

1. Upon information and belief, the allegations contained in Paragraph 1 of Plaintiff's Complaint are admitted.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied. Kingsport Book, LLC had its principal place of business at 121 Press Road, Churchill, TN 37642.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are denied. Dickinson Press, LLC had its principal place of business at 5100 33rd Street, SE, Grand Rapids, MI 49512.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied. Printing Consolidation Company, LLC had its principal place of business at 5100 33rd Street, SE, Grand Rapids, MI 49512.

6. Paragraph 6 of the Plaintiff's Complaint constitutes a legal conclusion rather than a factual allegation and therefore no response is required. To the extent a response is required these Defendants deny the statements made in Paragraph 6. The Court does not have jurisdiction over this matter in that there is not complete diversity because Kingsport Book, LLC is a Tennessee resident and therefore there is not complete diversity in this action. In addition, this Court lacks subject matter jurisdiction in that the acts giving rise to this litigation took place outside of Tennessee. The Subordinated Promissory Note states the Note was delivered in Michigan; is intended to be performed in Michigan; and is to be construed and enforced in accordance with and governed by the internal laws of the State of Michigan. The Guaranty states the rights and liabilities of the parties shall be governed by the laws of the State of Michigan. The Subordinated Security Agreement states the Agreement is being executed and delivered and is intended to be performed in the State of Michigan and shall be construed and enforced in accordance with the laws of the State of Michigan.

7. Paragraph 7 of the Plaintiff's Complaint constitutes a legal conclusion rather than a factual allegation and therefore no response is required. To the extent a response is required, Defendants deny the statements made in Paragraph 7. Venue is improper in that the acts giving rise to this litigation took place outside of Tennessee. The Subordinated Promissory Note states the Note was delivered in Michigan; is intended to be performed in Michigan; and is to be construed and enforced in accordance with and governed by the internal laws of the State of Michigan. The Guaranty states the rights and liabilities of the parties shall be governed by the

laws of the State of Michigan. The Subordinated Security Agreement states the Agreement is being executed and delivered and is intended to be performed in the State of Michigan and shall be construed and enforced in accordance with the laws of the State of Michigan.

8. Defendants deny that Plaintiff was a printing company. The Asset Purchase Agreement states Plaintiff was engaged in the business of "manufacturing, producing, distributing and/or selling books". Defendants admit that the Asset Purchase Agreement dated October 31, 2017 was entered into by and among Kingsport Book, LLC, Tennessee Valley Manufacturing Solutions, Inc., Fred Cooper and Richard Jennings. The Asset Purchase Agreement was not attached to the Complaint, however, the Asset Purchase Agreement is a written document that speaks for itself and any inconsistent or contradictory statements or characterizations are denied. Defendants further admit that a Subordinated Promissory Note was executed with Kingsport Book, LLC as the Borrower and Tennessee Valley Manufacturing Solutions, Inc. as the Lender. Defendants admit that the Subordinated Promissory Note was attached to the Complaint as <u>Exhibit A</u>. The Subordinated Promissory Note is a written agreement and speaks for itself and any inconsistent or contradictory statements or characterizations are denied.

9. Defendants admit that a Guaranty was made and executed as of October 31, 2017 by Dickinson Press, LLC and Tennessee Valley Manufacturing Solutions, Inc. Defendants admit that the Guaranty was attached to the Complaint as <u>Exhibit B</u>. The Guaranty is a written agreement and speaks for itself and any inconsistent or contradictory statements or characterizations are denied.

10. Defendants admit that a Subordinated Security Agreement dated October 31, 2017 was executed by Kingsport Book, LLC and Tennessee Valley Manufacturing Solutions, Inc. ("TVMS") Defendants admit that the Subordinated Security Agreement was attached to the

Complaint as <u>Exhibit C</u>. The Subordinated Security Agreement is a written agreement and speaks for itself and any inconsistencies or contradictory statements or characterizations are denied.

11. Defendants admit that Employment Agreements were executed as of November 1, 2017 between Fred Cooper, Rick Jennings and Kingsport Books, LLC. Those agreements are not attached to the Complaint, however, are written agreements which speak for themselves and any inconsistencies or contradictory statements or characterizations are denied.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. It is admitted that in August 2015 PCC acquired an ownership interest in Dickinson Press. The allegations are denied as related to Blackford.

15. It is admitted that on or about October 19, 2017 PCC formally organized Kingsport Book, LLC for the purpose of acquiring the assets of TVMS, Inc. It is further admitted that PCC owned 100% of Dickinson Press and 100% of Kingsport Book. The allegations contained in Paragraph 15 are denied as they relate to Blackford. It is further denied that Kingsport Book was a subsidiary of Dickinson Press.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint are admitted.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19. Defendants deny that Plaintiff was a printing business. Defendants admit that an Asset Purchase Agreement was entered into between Plaintiff and Kingsport Book on or about October 31, 2017. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 19 and demand strict proof thereof.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied. Pursuant to the terms of his Employment Agreement, Fred Cooper was retained as Senior Vice President of Operations. Likewise, pursuant to the terms of his Employment Agreement, Rick Jennings was retained as Senior Vice President of Business Development. Cooper and Jennings were required to devote their full energies, best efforts, skill and attention to all duties arising out of or incident to their positions. The annual base salaries for Cooper and Jennings totaled $300,000. In their capacity as Senior Vice President of Operations and as Senior Vice President of Business Development, Cooper and Jennings were responsible for the day-to-day operations of Kingsport Books, LLC.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23. It is admitted that after a period of time it was necessary for Kingsport Book, LLC to find an alternative lender and that Kingsport Book, LLC obtained new financing from Gibraltar Capital. It is further admitted that consistent with its obligations in the original Subordinated Promissory Note, Plaintiff executed the appropriate documentation to subordinate the 2017 Subordinated Promissory Note as required by the new lender and consistent with Plaintiff's original subordinated position to Mercantile Bank. The remaining allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

25. Defendants admit that new financing was obtained with Gibraltar and that the new financing was approved by Dickinson Press.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27. Defendants admit that Plaintiff and Defendants knew of the Subordinated Promissory Note at the time the new financing was obtained. The remaining statements made in Paragraph 27 are legal conclusions and not factual allegations and therefore no response is required.

28. The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29. Defendants admit that the assets of Kingsport Book, LLC were sold on approximately October 5, 2018. It is further admitted that Plaintiff was advised of the potential sale. Cooper and Jennings were aware of the condition of the company as they were operating Kingsport Book on a day-to-day basis. The remaining allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30. It is admitted that Cooper and Jennings owned TVMS, Inc. Upon information and belief, it is denied that Plaintiff had 45 employees. Defendants lack knowledge or information concerning the remaining statements contained in the first sentence of Paragraph 30. It is admitted that Plaintiff sold the Subordinated Promissory Note to Sheridan Publishing for the sum of $50,000. As a result, Plaintiff no longer owns or has any interest in the Subordinated Promissory Note. The remaining allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31. Defendants responses set forth in Paragraphs 1 – 30 are incorporated herein by reference.

32. The statements made in Paragraph 32 of Plaintiff's Complaint constitute legal conclusions and not factual allegations and therefore, no response is required. To the extent the statements are directed to Blackford those statements are denied.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35. Defendants responses set forth in Paragraphs 1 – 34 are incorporated herein by reference.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. Defendants responses set forth in Paragraphs 1 – 38 are incorporated herein by reference.

40. It is admitted that in order to obtain the new financing from Gibraltar it was necessary for Plaintiff to execute the necessary paperwork to maintain its subordinated position with respect to the Subordinated Promissory Note as spelled out in Paragraph 11 which included any replacement senior lender and required Plaintiff to execute and deliver such documents. Any allegation inconsistent with the foregoing is denied.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43. Defendants admit that pursuant to the terms of the Subordinated Promissory Note, Plaintiff executed and delivered the paperwork required by Gibraltar to evidence that payment under the agreement remained subject to such subordination. Any allegation inconsistent with the foregoing is denied.

44. The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied. Defendants further contend that in alleging fraud Plaintiff must state with particularity the circumstances constituting fraud or mistake and Plaintiff has failed to do so.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied. Defendants further contend that in alleging fraud Plaintiff must state with particularity the circumstances constituting fraud or mistake and Plaintiff has failed to do so.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied. Defendants further contend that in alleging fraud Plaintiff must state with particularity the circumstances constituting fraud or mistake and Plaintiff has failed to do so.

47. Defendants responses set forth in Paragraphs 1 – 46 are incorporated herein by reference.

48. The statements made in Paragraph 48 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

49. The statements made in Paragraph 49 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

50. The statements made in Paragraph 50 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note,

Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

51. The statements made in Paragraph 51 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

52. The statements made in Paragraph 52 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

53. The statements made in Paragraph 53 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

54. The statements made in Paragraph 54 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required.

55. The statements made in Paragraph 55 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required.

56. The statements made in Paragraph 56 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required.

57. The statements made in Paragraph 57 of Plaintiff's Complaint constitute legal conclusions rather than factual allegations and therefore no response is required.

58. The allegations contained in Paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations contained in Paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations contained in Paragraph 60 of Plaintiff's Complaint are denied.

61. The statements made in Paragraph 61 constitute legal conclusions rather than factual allegations and therefore no response is required. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

62. Defendants responses set forth in Paragraphs 1 – 61 (sic) are incorporated herein by reference.

63. The allegations contained in Paragraph 63 of Plaintiff's Complaint are admitted.

64. The allegations contained in Paragraph 64 of Plaintiff's Complaint are denied.

65. The allegations contained in Paragraph 65 of Plaintiff's Complaint are denied.

66. The allegations contained in Paragraph 66 of Plaintiff's Complaint are denied.

67. The allegations contained in Paragraph 67 of Plaintiff's Complaint are denied.

68. The allegations contained in Paragraph 68 of Plaintiff's Complaint are denied.

69. The allegations contained in Paragraph 69 of Plaintiff's Complaint are denied. The operative and controlling documents in this transaction, including the Subordinated Promissory Note, Guaranty and Subordinated Security Agreement all clearly state that the agreements will be construed and enforced in accordance with and governed by the laws of the State of Michigan and not Tennessee.

70. All allegations not heretofore specifically admitted are hereby specifically denied.

## **PRAYER FOR RELIEF**

The remainder of the Complaint sets forth Plaintiff's Prayer for Relief for which no response is required. To the extent a response is required, Defendants deny they are liable to Plaintiff under any theory and deny Plaintiff is entitled to the recovery requested in the Prayer for Relief or to any recovery from these Defendants. Defendants further deny Plaintiff's demand for a jury trial in this case in that Paragraph 16 of the Subordinated Promissory Note specifically waives a jury and states "Borrower waives the right to a trial by jury of any matters arising out of this Note or the transactions contemplated hereby."

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that they might otherwise not bear, Defendants assert the following additional defenses:

1. This Court lacks subject matter jurisdiction. The Subordinated Promissory Note states the Note was delivered in Michigan; is intended to be performed in Michigan; and is to be construed and enforced in accordance with and governed by the internal laws of the State of Michigan. The Guaranty states the rights and liabilities of the parties shall be governed by the laws of the State of Michigan. The Subordinated Security Agreement states the Agreement is being executed and delivered and is intended to be performed in the State of Michigan and shall

be construed and enforced in accordance with the laws of the State of Michigan.

2. Venue is improper in this Court and this case should be dismissed. Alternatively, venue should be transferred to Michigan. The Subordinated Promissory Note states the Note was delivered in Michigan; is intended to be performed in Michigan; and is to be construed and enforced in accordance with and governed by the internal laws of the State of Michigan. The Guaranty states the rights and liabilities of the parties shall be governed by the laws of the State of Michigan. The Subordinated Security Agreement states the Agreement is being executed and delivered and is intended to be performed in the State of Michigan and shall be construed and enforced in accordance with the laws of the State of Michigan.

3. Plaintiff's claims are barred in whole or in part for failure to state facts sufficient to constitute a cause of action against these Defendants upon which relief by this Court can be granted.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

6. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

7. Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk.

8. Plaintiff's negligenceclaims are barred in whole or in part by the doctrine of contributory negligence and/or comparative fault.

9. Plaintiff's claims are barred in whole or in part by the doctrine of payment.

10. Plaintiff has failed to properly allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

11. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

12. Plaintiff's claims are barred in whole or in part due to lack of standing.

13. Defendants expressly reserve the right to present additional affirmative defenses which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, that Defendants be awarded their costs and attorney fees and that the Court grant such further relief as is just, proper and necessary.

Respectfully submitted,

By: /s/ Peter F. Klett
Peter F. Klett, #12688
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219-2392
Tel.: 615.244.6538
pklett@dickinsonwright.com

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2019, a true and exact copy of the foregoing has been served on the following via the Court's CM/ECF filing system, which automatically sends email notifications of such filing to:

> William C. Argabrite
> William C. Bovender
> Hunter, Smith & Davis, LLP
> Post Office Box 3740
> 1212 North Eastman Road
> Kingsport, TN  37664

        /s/ Peter F. Klett
        Peter F. Klett

p
NASHVILLE 65752-1 696161v1