# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TVMS, INC.,

    Plaintiff,

v.

KINGSPORT BOOK, LLC, et al.,

    Defendants.

CASE NO. 1:19-CV-1043

HON. ROBERT J. JONKER

---

## DEFENDANTS' RESPONSE TO THIS COURT'S
## DECEMBER 12, 2019 ORDER TO SHOW CAUSE

Defendants Kingsport Book, LLC ("Kingsport"), Dickinson Press, LLC ("Dickinson Press"), Blackford Capital Associates, II, Inc. ("Blackford") and Printing Consolidation Company, LLC ("PCC") (collectively, "Defendants"), through their attorneys, Dickinson Wright PLLC, hereby file the following Response to this Court's December 12, 2019 Order to Show Cause.

### I. INTRODUCTION AND FACTUAL BACKGROUND

On December 11, 2019, after granting Defendants' Motion to Transfer Venue, the Eastern District of Tennessee transferred venue to this Court. (ECF No. 39). Shortly thereafter, this Court issued an Order requiring Plaintiff to show cause as to why the Court should not dismiss the case for lack of subject matter jurisdiction. (ECF No. 46). Specifically, the Court found that Plaintiff did not sufficiently allege

the citizenship of the parties (namely, the Defendant LLCs) consistent with the requirements for diversity jurisdiction. (*Id.* at 1).

Defendants believe that Plaintiff's Response to the Show Cause Order (ECF No. 47) fails to address the issues raised by the Court. As such, Defendants file this Response to provide additional information that is relevant to the Court's inquiry. As set forth in the accompanying Declaration (**Exhibit A**), Defendants are presently aware of no facts that would destroy complete diversity, and deprive this Court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. LEGAL STANDARD

In order to properly invoke diversity jurisdiction, the Court must be apprised of each parties' citizenship so that it may confirm the existence of complete diversity. (ECF No. 46 at 1); *Vaughn v. Holiday Inn Cleveland Coliseum*, 66 F. App'x 249, 250 (6th Cir. 2003) (citing *Chemical Leamon Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)). The citizenship of a limited liability company is synonymous with the citizenship of each of its members. (ECF No. 46 at 1); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Because Plaintiff is a Tennessee corporation (ECF No. 1, ¶ 1), each of the Defendants, and each member of the Defendant LLCs (Kingsport, Dickinson Press and PCC) must reside **outside** of Tennessee in order for diversity jurisdiction to be proper in this case.

### III. ARGUMENT AND CONCLUSION

As set forth in the attached Declaration, and based upon present knowledge, none of the Defendants and no member of any Defendant LLC resides within Tennessee.[1] Therefore, and again based upon present knowledge, there exists complete diversity among the parties, and this Court possesses subject matter jurisdiction over this action. Ex. A; 28 U.S.C. § 1332; *Carden*, 494 U.S. at 189.

DICKINSON WRIGHT PLLC

By: /s/ *Scott R. Knapp*
Scott R. Knapp (P61041)
Dickinson Wright PLLC
Attorneys for Defendants
215 South Washington Sq., Ste. 200
Lansing, MI 48933
(517) 487-4762

Dated: December 31, 2019

---

[1] Defendants are currently seeking to verify the residency of all member/owners of the sole member/owner of Defendant Printing Consolidation Company, LLC ("PCC"). Because PCC's sole member/owner itself consists of sixty-eight (68) member/owners, however, Defendants have been unable to complete this process prior to the deadline for responding to the Court's December 12, 2019 Order to Show Cause. Accordingly, the Declarant can only attest to the residency of these individuals/entities based upon information currently known and available. Defendants thus ask that the Court presently refrain from ruling upon the jurisdictional question, and permit Defendants additional time to file a supplemental Declaration upon verification of this additional information.

3